# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Wayne Michael Fisher,<br><br>Defendant. | Case No. 19-cr-00320(1) (SRN/LIB)<br><br><br>**ORDER** |

Andrew R. Winter, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Bradley M. Endicott, United States Attorney's Office, 316 North Robert Street, 404 U.S. Courthouse, Saint Paul, MN 55101, for Plaintiff.

Daniel L. Gerdts, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Objection to the Presentence Report [Doc. No. 54] filed by Defendant Wayne Fisher. The Government contends that Mr. Fisher was previously convicted of first-degree burglary under Minnesota Statutes § 609.582, subdivision 1(c), and that such conviction constitutes a "serious violent felony" under 18 United States Code § 3559. Mr. Fisher argues that first-degree burglary under Minnesota law is not a serious violent felony. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court finds that Mr. Fisher's prior conviction under Minnesota Statutes § 609.582, subdivision 1(c) constitutes a serious violent felony. Accordingly, the Court **OVERRULES** the Objection.

Federal law imposes enhanced sentences where a defendant has been previously convicted of multiple "serious violent felonies." *See* 18 U.S.C. § 3559. A "serious violent felony" is defined by reference to several enumerated crimes, and also includes "any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 3559(2)(F).

The question before the Court is whether Mr. Fisher's prior conviction for first-degree burglary constitutes a serious violent felony. Minnesota's first-degree burglary statute provides that:

> Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, either directly or as an accomplice, commits burglary in the first degree and may be sentenced to imprisonment for not more than 20 years or to payment of a fine of not more than $35,000, or both, if:
>
> > (a) the building is a dwelling and another person, not an accomplice, is present in it when the burglar enters or at any time while the burglar is in the building;
> >
> > (b) the burglar possesses, when entering or at any time while in the building, any of the following: a dangerous weapon, any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or an explosive; or
> >
> > (c) the burglar assaults a person within the building or on the building's appurtenant property.

Minn. Stat. § 609.582, subd. 1. Mr. Fisher was charged and convicted with burglary under subdivision 1(c).

In order to answer the question presented, the Court must first determine whether the alternatives listed in the first-degree burglary statute's enumerated subdivisions render

the statute "divisible." If the statute is indivisible, that is, "sets out a single . . . set of elements to define a single crime," the Court must apply a "categorical approach." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). Under the categorical approach, the Court must consider whether the statute as a whole necessarily requires proof of "the use, attempted use, or threatened use of physical force against the person of another." If not, a conviction under the statute does not constitute a "serious violent felony." But if the statute is divisible, meaning it "set[s] forth multiple, alternative versions of the crime," the Court must apply the "modified categorical approach." *United States v. McArthur*, 850 F.3d 925, 937–38 (8th Cir. 2017) (quotation omitted). Under the modified categorical approach, the Court looks to the particular version of the crime for which the defendant was convicted—here, assault-burglary under subdivision 1(c).

The Supreme Court has explained that, in determining whether an alternatively phrased statute is divisible, courts must determine whether the listed alternatives are *elements* of separate crimes, or different factual *means* of committing a single crime. *Mathis*, 136 S. Ct. at 2256. If the alternatives are elements, the statute is divisible; if they are means, the statute is indivisible. *Id.* The *Mathis* Court explained:

> This threshold inquiry—elements or means?—is easy in this case, as it will be in many others. Here, a state court decision definitively answers the question . . . . When a ruling of that kind exists, a sentencing judge need only follow what it says. Likewise, the statute on its face may resolve the issue. If statutory alternatives carry different punishments, then under *Apprendi* they must be elements. . . .
>
> And if state law fails to provide clear answers, federal judges have another place to look: the record of a prior conviction itself. . . . [S]uch a "peek at the [record] documents" is for "the sole and limited purpose of determining whether [the listed items are] element[s] of the offense." . . . Suppose, for

example, that one count of an indictment and correlative jury instructions charge a defendant with burgling a "building, structure, or vehicle"—thus reiterating all the terms of Iowa's law. That is as clear an indication as any that each alternative is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt. . . . Conversely, an indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime. . . .

*Id.* at 2256–57 (citations omitted) (alterations to internal quotations in original).

Following the Supreme Court's guidance, the Court begins with applicable Minnesota case law. Mr. Fisher points to *State v. Holmes*, where the Minnesota Supreme Court stated that "[a] person may commit first-degree burglary in **several ways**," and then described each of the statute's three enumerated subdivisions. 778 N.W.2d 336, 340 (Minn. 2010) (emphasis added). However, the issue before the *Holmes* court was whether a conviction for first-degree burglary under subdivision 1(c) bars a conviction for assault, not whether the burglary statute is divisible.[1]

A far more apposite case is *State v. Dennison*, No. A19-1745, 2020 WL 5107294, at \*4 (Minn. Ct. App. Aug. 31, 2020), *review denied* (Nov. 17, 2020). There, the defendant

---

[1] Mr. Fisher also points to Minnesota's statutes proscribing kidnapping, first-degree robbery, and several other crimes, which have a similar subdivision structure to the first-degree burglary statute. Mr. Fisher cites several cases that describe these statutes as stating alternative acts, purposes, or circumstances of the crime, rather than as delineating elements of "different" crimes. However, as explained below, the first-degree burglary statute imposes a different punishment for convictions under one of its subdivisions; none of the statutes analyzed by Mr. Fisher punish a conviction under one subdivision differently than a conviction under the others. *See* Minn. Stat. § 609.25 (kidnapping); Minn. Stat. § 609.245 (aggravated robbery); Minn. Stat. § 609.2242, subd. 1 (misdemeanor domestic assault); Minn. Stat. § 609.50, subd. 1 (obstructing legal process, arrest, or firefighting); Minn. Stat. § 609.342, subd. 1 (first-degree criminal sexual assault).

was convicted of two counts of first-degree burglary arising from the same incident: one count for assault-burglary under subdivision 1(c), and one count for occupied-dwelling-burglary under subdivision 1(a). The defendant invoked Minnesota Statutes § 609.04, which "bars multiple convictions under different sections of a criminal statute for acts committed during a single behavioral incident." *Id.* (quotation omitted). The Court of Appeals reasoned that "**[b]oth crimes** arise under the same criminal statute," and therefore the defendant could not be convicted of both occupied-dwelling-burglary and assault-burglary unless they constituted "separate criminal acts." *Id.* (emphasis added). Because both convictions were based on the same behavioral incident, the court concluded that the offenses were not "separate criminal acts," and remanded for the district court to vacate one of the two first-degree burglary convictions. *Id.* Although *Dennison* did not engage in the elements-or-means test this Court is required to conduct, the court's analysis suggests that the statute's enumerated subdivisions must be treated as elements of separate crimes, rather than means of committing a single crime.

Importantly, *Mathis* also explained that "[i]f statutory alternatives carry different punishments, then . . . they must be elements." *Mathis*, 136 S. Ct. at 2256 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 494 (2000)). Minnesota law provides for a mandatory minimum sentence which applies to occupied-dwelling-burglaries under subdivision 1(a), but not burglaries under subdivisions 1(b) or (c). Minn. Stat. § 609.582, subd. 1a. Under

*Mathis*, then, the statute's enumerated subdivisions must list elements, rather than means of committing a single crime.[2]

Finally, where state statutory and case law does not clearly address whether an alternatively phrased statute lists means or elements, *Mathis* authorizes courts to "peek" at the record of the defendant's conviction. "[A]n indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime." *Mathis*, 136 S. Ct. at 2257. Here, Mr. Fisher was specifically charged with assault-burglary under subdivision 1(c). *Cf. United States v. Bennett*, No. CR 12-144 ADM/JJG, 2018 WL 3597669, at *2 (D. Minn. July 26, 2018) (dicta) (concluding that the defendant's conviction for first-degree burglary was a "violent felony" under the Armed Career Criminals Act because the defendant "was specifically charged with and convicted of first degree burglary

---

[2] *Cf. Arroyo v. Garland*, No. 19-3032, 2021 WL 1395222, at *4 (8th Cir. Apr. 14, 2021) ("[W]e conclude that the existence of different punishments for the simple possession of marijuana in Iowa as contrasted with other controlled substances drives our analysis. The distinct punishments demonstrate that the identity of the controlled substance at issue as marijuana is an element of the offense and not merely an alternative means of committing the same offense."); *United States v. Ross*, 969 F.3d 829, 837 (8th Cir. 2020) ("The statute defines at least two alternative crimes: (1) kidnapping and (2) kidnapping resulting in death. The latter requires proof of an additional element (*i.e.*, that the death of any person results) and carries a greater punishment ('death or life imprisonment'). Where the statutory alternatives carry different punishments, they must be elements of different offenses, not means to commit a single offense."); *United States v. McGee*, 890 F.3d 730, 737 (8th Cir. 2018) (holding that a conviction for assault while displaying a dangerous weapon was a crime of violence, where the statute "impose[d] an increased punishment when a dangerous weapon is used or displayed in committing an assault").

under Minnesota Statute § 609.582, subd. 1(c), which states that 'the burglar assaults a person within the building.'").

And, crucially, Minnesota's Criminal Jury Instruction Guides treat the first-degree burglary statute's enumerated subdivisions as separate crimes. The general instruction is as follows:

Under Minnesota law, whoever

[1] enters a building without the consent of the person in lawful possession,

[2] enters a building by using artifice, trick, or misrepresentation to obtain consent to enter from the person in lawful possession,

[3] remains within a building without the consent of the person in lawful possession,

(with intent to commit a crime) (and commits a crime while in the building), and

[A] the building is a dwelling, and another person, not an accomplice, is present in it,

[B] the person when entering or at any time while in the building possesses a dangerous weapon or any article used or fashioned in a manner to lead (___) (another) to reasonably believe it to be a dangerous weapon or an explosive,

[C] the person assaults another within the building or on the building's appurtenant property,

is guilty of a crime.

*Burglary in the First Degree—Defined*, 10A Minn. Prac., CRIMJIG 17.01 (6th ed.) (footnote omitted). This general instruction is followed by separate instructions for each of the subdivisions. *See id.* at 17.02 ("Burglary in the First Degree—Occupied Dwelling—Elements"); 17.03 ("Burglary in the First Degree—Weapon—Elements"); 17.04 ("Burglary in the First Degree—Assault—Elements"). And, most importantly, the general

instruction quoted above denotes the statute's enumerated subdivisions using bracketed

letters. In Minnesota's Jury Instruction Guides, "[a]s a general rule, parentheses indicate

options for factual variations, whereas brackets indicate optional element choices,

depending on the portion of the statute that has been charged." *Preliminary Materials*, 10

Minn. Prac., Jury Instr. Guides—Criminal Preliminary Materials. Minnesota's jury

instructions therefore treat the statute's enumerated subdivisions as "optional element

choices," and not "factual variations."[3]

In sum, Mr. Fisher was specifically charged with first-degree burglary in violation

of subdivision 1(c); Minnesota's Jury Instruction Guides treat the statute's enumerated

subdivisions as elements, rather than different factual means of establishing the same

element; one subdivision is subject to a different punishment than the others; and *State v.*

*Dennison* suggests that the violation of separate subdivisions constitutes separate crimes.

Therefore, the Court finds that the first-degree burglary statute's subdivisions denote

---

[3] Notably, there is another disjunction that appears in the first-degree burglary statute: "Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building . . . ." Minn. Stat. § 609.582, subd. 1. Courts have consistently held that this disjunction states alternative means of establishing an element of burglary, as opposed to elements of different burglary crimes. *See, e.g.*, *United States v. Crumble*, 878 F.3d 656, 661 (8th Cir. 2018) (analyzing identical language in the second-degree burglary statute). The jury instruction's language corresponding to this disjunction is contained in parentheses, unlike the language corresponding to the statute's enumerated subdivisions. Again, "parentheses indicate options for factual variations, whereas brackets indicate optional element choices." *Preliminary Materials*, 10 Minn. Prac., Jury Instr. Guides—Criminal Preliminary Materials. In light of courts' treatment of the statute's first disjunction, the Jury Instruction Guides' choice of brackets for the statute's enumerated subdivisions is quite significant.

elements, not means. The statute is therefore divisible, and the Court must apply the modified categorical approach.

Applying the modified categorical approach, the Court finds that Mr. Fisher's conviction for first-degree burglary under § 609.582, subd. 1(c), which requires proof of assault—an element of which is the use, attempted use, or threatened use of physical force against the person of another—is a conviction for a "serious violent felony." *See* 18 U.S.C. § 3559(2)(F); *cf. United States v. Lindsey*, 827 F.3d 733, 739 (8th Cir. 2016) (holding that an assault under Minnesota law "has as an element the use, attempted use, or threatened use of physical force against the person of another").

Accordingly, based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Objection to the Presentence Report [Doc. No. 54] is **OVERRULED**.

**IT IS SO ORDERED.**

Dated: May 12, 2021

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge